**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PBF LOGISTICS LP, THOMAS J. NIMBLEY, MICHAEL D. GAYDA, BRUCE A. JONES, MATTHEW C. LUCEY, C. ERIK YOUNG, DAVID ROUSH, and LAWRENCE ZIEMBA,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against PBF Logistics LP ("PBFX" or the "Partnership") and the directors of its general partner for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of PBFX with PBF Energy, Inc. ("PBF Energy").[1]

2. On October 25, 2022, the Partnership entered into an Agreement and Plan of

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with PBF Energy, PBF Energy Company LLC ("PBF LLC"), PBFX Holdings Inc. ("PBFX Holdings"), Riverlands Merger Sub LLC ("Merger Sub"), and PBFX GP.[2] The Merger Agreement provides that each common unit of PBFX will be converted into the right to receive (a) 0.270 shares of PBF Energy Class A common stock and (b) $9.25 in cash.

3. The Board subsequently authorized the October 19, 2022, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Partnership's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Partnership's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] As referred to herein, the capitalized terms the "Board" and the "Individual Defendants" shall refer to the members of the Board of Directors of PBFX's general partner PBF Logistics GP LLC ("PBFX GP" or the "General Partner")

[3] The Special Meeting at which stockholders are asked to approve the Proposed Transaction currently is scheduled for November 30, 2022.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of PBFX common stock.

10. Defendant PBFX is a Delaware master limited partnership, with its principal executive offices located at One Sylvan Way, Second Floor, Parsippany, New Jersey 07054. PBFX's units trade on the New York Stock Exchange under the ticker symbol "PBFX." The Partnership is a fee-based, growth-oriented, Delaware master limited partnership formed in February 2013 by subsidiaries of PBF Energy to own or lease, operate, develop and acquire crude oil and refined products, terminals, pipelines, storage facilities and similar logistics assets. The Partnership operates in two segments, (a) transportation and terminaling and (b) storage. PBF GP is the Partnership's general partner and is wholly owned by PBF LLC. PBF Energy is the sole managing member of PBF LLC and, as of October 24, 2022, owned 99.3% of the total

economic interest in PBF LLC.  As of October 24, 2022, PBF LLC held a 47.7% limited partner interest in the Partnership, with the remaining 52.3% limited partner interest owned by public unitholders.

11. Defendant Thomas J. Nimbley ("Nimbley") is and has been Chief Executive Officer of the Partnership and Chairman of the Board at all times relevant hereto.  Defendant Nimbley is also Chairman, Chief Executive Officer and a director of PBF Energy.

12. Defendant Michael D. Gayda ("Gayda") is and has been a director of PBFX GP at all times relevant hereto.  Defendant Gayda previously served as President of PBF Energy and PBFX.

13. Defendant Bruce A. Jones is and has been a director of PBFX GP and a member of the Conflicts Committee at all times relevant hereto.

14. Defendant Matthew C. Lucey ("Lucey") is and has been a director of PBFX GP at all times relevant hereto.  Defendant Lucey is also President of PBF Energy.

15. Defendant C. Erik Young ("Young") is and has been a director of PBFX GP at all times relevant hereto.  Defendant Young is also Senior Vice President and Chief Financial Officer of PBFX and PBF Energy.

16. Defendant David Roush is and has been a director of PBFX GP and a member of the Conflicts Committee at all times relevant hereto.

17. Defendant Lawrence Ziemba is and has been a director of PBFX GP and a member of the Conflicts Committee at all times relevant hereto.

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On July 28, 2022, PBFX announced in relevant part:

4

PARSIPPANY, N.J., July 28, 2022 /PRNewswire/ -- PBF Energy Inc. (NYSE: PBF) and PBF Logistics LP (NYSE: PBFX) today announced a definitive agreement and plan of merger pursuant to which PBF Energy will acquire all of the outstanding common units representing limited partner interests of PBF Logistics it does not already own directly or indirectly for a combination of PBF Energy Class A common stock and cash. PBF Energy beneficially owns approximately 47.7% of the outstanding common units of PBF Logistics as of July 22, 2022.

Under the merger agreement, each outstanding common unit of PBF Logistics that PBF Energy does not already beneficially own will be converted into 0.270 shares of PBF Energy Class A common stock and $9.25 in cash, without interest. The purchase price reflects a premium of 13.2% to the volume-weighted average price of PBF Logistics common units for the thirty days through July 27, 2022.

Tom Nimbley, PBF Energy's and PBF Logistics' Chairman and CEO, said, "We are pleased to announce this strategic acquisition by PBF Energy, which represents a key objective in PBF Energy's plans to optimize our refining and logistics operations." He added, "This transaction will ultimately allow us to simplify our corporate structure and eliminate administrative, compliance and cost burdens of running a separate public company. Following consummation of the merger, we believe that the combined company will have a significantly enhanced financial profile."

**Additional Transaction Terms and Details**

Upon consummation of the merger, PBF Logistics will be become an indirect wholly-owned subsidiary of PBF Energy, and the PBF Logistics common units will cease to be listed on the NYSE and will subsequently be deregistered under the Securities Exchange Act of 1934, as amended.

PBF Logistics was represented in negotiations by the PBF Logistics Conflicts Committee, which is comprised of three independent members of its general partner's board of directors. The PBF Logistics Conflicts Committee unanimously approved the transaction and recommended approval of the transaction to the board of directors of the general partner of PBF Logistics, which was also unanimous in its approval of the transaction. The transaction has also been unanimously approved by the board of directors of PBF Energy.

The completion of the merger is subject to the satisfaction of customary conditions, including receipt of requisite approvals of PBF Logistics unitholders.

**Transaction Advisors**

Barclays Capital Inc. is acting as the exclusive financial advisor; and Hunton Andrews Kurth LLP is acting as legal advisor to PBF Energy on the transaction. Intrepid Partners, LLC is acting as financial advisor and Baker Botts L.L.P. is acting as legal advisor to the PBF Logistics Conflicts Committee.

**The Materially Incomplete and Misleading Proxy Statement**

19. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on October 25, 2022. The Proxy Statement, which recommends that PBFX stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the Partnership's financial forecasts and the financial analyses that support the fairness opinion provided by Intrepid Partners LLC ("Intrepid").[4]

*Material Misrepresentations and/or Omissions Concerning the Partnership's Financial Forecasts and Intrepid's Financial Analysis*

20. The Proxy Statement fails to disclose material information concerning the Partnership's and PBF Energy's financial forecasts, including the Unlevered Free Cash Flows ("UFCFs") for both the Partnership and PBF Energy. This omission, moreover, includes the UFCFs (and underlying line items) that Intrepid utilized in connection with its *Discounted Cash Flow Analyses* of PBFX and PBF Energy.

21. The Proxy Statement also fails to disclose material information concerning Intrepid's financial analysis.

22. With respect to the *Discounted Cash Flow Analysis* of PBFX performed by Intrepid, the Proxy Statement fails to disclose: (a) the terminal year EBITDA; (b) the

---

[4] Intrepid served as financial advisor to the Board's conflicts committee (the "Conflicts Committee") formed in connection with the Proposed Transaction.

Partnership's terminal values; (c) PBFX's estimated debt and estimated cash; and (d) the PBFX common units outstanding utilized in the analysis.

23. With respect to the *Distribution Discount Analysis* of PBFX performed by Intrepid, the Proxy Statement fails to disclose the terminal year distribution per unit ("DPU") and the terminal values.

24. With respect to the *Comparable Company Trading Analysis* performed by Intrepid, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by the financial advisor.

25. With respect to the *Precedent Transactions Analysis* performed by Intrepid, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected transactions analyzed by the financial advisor.

26. With respect to the *Discounted Cash Flow Analysis* of PBF Energy performed by Intrepid, the Proxy Statement fails to disclose a quantification of: (a) the terminal year unlevered free cash flow; (b) PBF Energy's terminal values; (c) PBFX's consolidated debt; (d) the estimated value of the unaffiliated PBFX units held by the public; (e) other PBF Energy non-controlling interests; (f) PBF Energy's consolidated cash; and (g) the shares of PBF Energy outstanding utilized in the analysis.

27. With respect to the *Distribution Discount Analysis* of PBF Energy performed by Intrepid, the Proxy Statement fails to disclose the terminal year DPU and the terminal values.

28. With respect to the *Comparable Company Trading Analysis* of PBF Energy performed by Intrepid, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by the financial advisor

29. The omission of the above-referenced information renders statements in the "Unaudited Projected Financial Information" and "Opinion of the Financial Advisor to the Conflicts Committee" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Partnership will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PBFX**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. PBFX is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Partnership's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of PBFX within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of PBFX and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Partnership, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Partnership, and against defendants, as

follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 4, 2022

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*

11